UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOSHUA GRAHAM, <br><br> Plaintiff, <br><br> v. <br><br> D. BASSHAM, et. al., <br><br> Defendants. | CASE NO. C16-5597 BHS-JRC <br><br> ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL |

The District Court has referred this 42 U.S.C. § 1983 civil rights action to United States Magistrate Judge J. Richard Creatura. The Court's authority for the referral is 28 U.S.C. § 636(b)(1)(A) and (B), and Magistrate Judge Rules MJR3 and MJR4.

Before the Court is plaintiff's motion to appoint counsel. Dkt. 7. Plaintiff's motion to appoint counsel is denied because plaintiff has demonstrated his ability to articulate his claims without an attorney and there are no exceptional circumstances compelling the Court to appoint counsel at this time.

//

//

**BACKGROUND**

Plaintiff is a prisoner at Clallam Bay Corrections Center in Clallam Bay, Washington. Complaint, Dkt. 5, at 3. Plaintiff, proceeding *pro se* and *in forma pauperis*, filed a complaint pursuant to 42 U.S.C. § 1983 alleging violations of his rights under the Eighth Amendment and Washington state law. *Id*. He further alleges claims for retaliation, medical malpractice and negligence that allegedly occurred while he was incarcerated at the Washington State Penitentiary. *Id.* at 3. According to plaintiff's complaint, the defendants are employed as dentists by the Washington State Department of Corrections or they are subcontractors. *See id.* at 4.

Plaintiff alleges that the failure of defendants "to remove or treat the plaintiff's tooth (#3 molar) and the removal of the wrong tooth constitutes the tort of negligence and medical malpractice under the laws of Washington." *See id*. at 16. Plaintiff further complains that defendants broke his jaw while providing dental care and failed to provide adequate medical follow-up care. *Id.* at 11. Plaintiff further complains that the actions of defendants were also "retaliatory in nature by refusing to properly record the facts in an attempt to conseal [sic] or cover up facts." *Id.* at 17. Plaintiff seeks monetary and punitive damages. *Id.* at 17.

No constitutional right to appointed counsel exists in a § 1983 action. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981); *see United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is discretionary, not mandatory"). However, in "exceptional circumstances," a district court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1) (formerly 28 U.S.C. § 1915(d)). *Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds*, 154 F.3d 952 (9th Cir. 1998). To decide whether exceptional circumstances exist, the Court must evaluate both "the likelihood of success on the merits [and] the ability of the

1 [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (*quoting Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). A plaintiff must plead facts showing he has an insufficient grasp of his case or the legal issues involved and an inadequate ability to articulate the factual basis of his claims. *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004).

Plaintiff requests appointment of counsel because he is placed in segregation with limited or no access to the law library due to his D-unit housing. Dkt. 7 at 1-2. Plaintiff also states that his case has complex issues and trial will require that he be represented. *Id*. Plaintiff further states he is not "law savvy" or "computer savvy." *Id*.

The Court notes that this case does not involve complex facts or law, and plaintiff has been able to clearly articulate the factual basis of his claims in a fashion understandable to the Court. There are insufficient facts to conclude that plaintiff has been denied access to a law library at this time. And, as is apparent from the filings so far, he does have access to the court system. It is too early to determine whether plaintiff has shown he is likely to succeed on the merits of his case. Accordingly, plaintiff's motion to appoint counsel is denied at this time.

Dated this 14th day of September, 2016.

J. Richard Creatura
United States Magistrate Judge