UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOSHUA GRAHAM,

                Plaintiff,

v.

D BASSHAM, et al.,

                Defendant.

CASE NO. 3:16-cv-05597 BHS-JRC

ORDER

     Plaintiff Joshua Graham filed this 42 U.S.C. § 1983 action on August 1, 2016 alleging that defendants Bassham, Robinson, Gantz, and Rodkey failed to provide plaintiff with adequate dental care at the Washington State Penitentiary ("WSP") from July 2013 to November 2013. Dkt. 5. Plaintiff now moves to amend his complaint to add ten new defendants, Kevin Bovenkamp, G. Steven Hammond, Karen Forss, Mary Currey, Lori Scamahorn, Lori Wyckoff-Myers, Wolfgang Radelfinger, Lynnette Cross, and Angela Brascum. Dkt. 31; Dkt. 31-1; Dkt. 31-2; Dkt. 31-3. Defendants object to the amendment on the grounds that the proposed claims are barred by the statute of limitations and do not relate back to the filing of plaintiff's original complaint. Dkt. 33.

Plaintiff's motion is granted in part and denied in part. Plaintiff's proposed amendment with respect to his claims against Bovenkamp, Hammond, Forss, Currey, Scamahorn, Wyckoff-Myers, Radelfinger, Cross, and Branscum is denied because his proposed claims are subject to dismissal based on the statute of limitations and do not relate back to the filing of the original complaint. Defendants have no objection to plaintiff's proposed amendment with respect to defendant Escapule, thus, plaintiff's motion is granted as to this claim. Plaintiff must file his proposed amended complaint including claims against defendant Escapule within 15 days of the entry of this order.

## DISCUSSION

Rule 15 governs amendments to pleadings. It provides that, after an initial period for amendments as of right, pleadings may be amended only with the opposing party's written consent or by leave of the court. Fed. R. Civ. P. 15(a). Generally, "the court should freely give leave [to amend pleadings] when justice so requires." Fed. R. Civ. P. 15(a)(2). This rule should be interpreted and applied with "extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir.1990). Federal policy favors freely allowing amendment so that cases may be decided on their merits. *See Martinez v. Newport Beach City*, 125 F.3d 777, 785 (9th Cir.1997).

The court ordinarily considers five factors when determining whether to grant leave to amend under Rule 15: "(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment," and (5) whether the pleadings have previously been amended. *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir.1990). "However, each is not given equal weight. Futility of amendment can, by itself, justify the denial of a motion for leave to amend." *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995). If a proposed amendment could not

withstand a motion to dismiss, a court is justified in denying a motion to amend the pleadings made pursuant to Rule 15(a). *Jones v. Community Redevelopment Agency of City of Los Angeles*, 733 F.2d 646, 650-51 (9th Cir. 1984).

In his motion, plaintiff contends that since the filing of his original complaint, through the discovery process, he has discovered the names of the Jane/John Doe defendants. Dkt. 31. Plaintiff attached his proposed amended complaint to his motion. Dkt. 31-1.

Defendants do not object to plaintiff's motion to add claims against Edith Escapule. Dkt. 33. Thus, plaintiff's request as to defendant Escapule is granted. Plaintiff must file his proposed amended complaint including claims against defendant Escapule within 15 days of the entry of this order.

With respect to the remaining nine defendants, Bovenkamp, Hammond, Forss, Currey, Scamahorn Wyckoff-Myers, Radelfinger, Cross, and Brascum, defendants contend that granting plaintiff leave to amend to add claims against would be futile because the claims are barred by the statute of limitations and do not relate back to the filing of plaintiff's original complaint. *Id.*

In his original complaint, plaintiff describes the Doe defendants, "Defendants John Does 1-3; and Jane Does 1-3 are employees or subcontractors working for WDOC during all times relevant to complaint. They will be named after discovery. They are sued in their individual capacity." Dkt. 5 at 4. Plaintiff alleges John/Jane Doe 1 emailed plaintiff and denied any knowledge of plaintiff's fractured jaw. *Id.* at 6. Plaintiff alleges John/Jane Doe 2 (Health Care Manager), knew of plaintiff's lack of treatment, said that they would look into the matter, but failed to take action. Dkt. 5 at 6. Plaintiff alleges that Jane Doe 3, a dental assistant, assisted defendant Rodkey with his dental visit on November 5, 2013. *Id.* at 8-9.

1. **Statute of Limitations**

For claims brought under § 1983, federal courts apply the forum state's three year statute of limitations governing personal injury actions. *See Wilson v. Garcia*, 471 U.S. 261, 279-80 (1985) and RCW 4.16.080(2). However, the accrual date of a § 1983 cause of action is an issue of federal law. *Wallace v. Kato*, 549 U.S. 384, 388 (2007).

> Turning to the principles of accrual, 'it is the standard rule that accrual occurs when the plaintiff has a complete and present cause of action.' *Wallace,* 549 U.S. at 388, 127 S.Ct. 1091 (internal alterations and quotation marks omitted. In other words, a claim accrues when the plaintiff knows or has reason to know of the injury that forms the basis of his cause of action. *Knox v. Davis,* 260 F.3d 1009, 1013 (9th Cir. 2001).

*Bradford v. Scherschligt,* 803 F.3d 382, 387 (9th Cir. 2015).

a. **Kevin Bovenkamp**

Plaintiff's proposed amended complaint alleges that on November 6, 2013, Bovenkamp denied plaintiff's level three grievance regarding his dental care. Dkt. 31-1 at 21; Dkt. 31-3 at 7. Plaintiff's claims therefore accrued on that date, and plaintiff did not bring his claims against Bovenkamp within the three year statute of limitations.

b. **G. Steven Hammond**

Plaintiff's proposed amended complaint does not contain any factual allegations against G. Steven Hammond, but appear to be based on Hammond's role as the Department of Corrections Chief Medical Officer. Dkt. 31-1 at 7; Dkt. 31 at 1 (replacement page). Plaintiff claims that his dental care from July 2013 until November 2013 was inadequate. Dkt. 31-1 at 22. Thus, any claims against Hammond for failing to provide him with adequate dental care would stem from the time period at issue in his complaint, from July until November 2013. Plaintiff did not bring his claims against Hammond within three years of the statute of limitations.

c. **Karen Forss**

Plaintiff alleges that Karen Forss was deliberately indifferent to his medical needs when plaintiff complained of pain to Forss between August and September 2013, and Forss did not take any steps to alleviate his pain. Dkt. 31-1 at 18. Plaintiff also includes as an exhibit a level one grievance response which states Forss's opinion on plaintiff's dental grievance. Dkt. 31-3 at 5. Plaintiff's claims therefore accrued in August 2013, and plaintiff did not bring his claims against Forss within the three year statute of limitations.

d. **Mary Currey**

Plaintiff's allegation against Mary Currey is that Angela Branscum told plaintiff by kite on September 3, 2013, that Branscum "notified [Currey] to look into [plaintiff's] situation." Dkt. 31-1, at 15. Plaintiff also attaches the September 3, 2013 kite, which states that Currey was "contacted" about plaintiff's complaint. Dkt. 31-3 at 9. The September 3, 2013, kite response put plaintiff on notice about Currey's conduct, but plaintiff did not bring any claims against Currey within the three year statute of limitations.

e. **Lori Scamahorn**

Plaintiff seeks to name Lori Scamahorn as a defendant, but his proposed amended complaint does not appear to contain any factual allegations against her. Dkt. 31-1 at 7-21. However, plaintiff attaches grievance responses he received from Scamahorn on September 4, 2013. Dkt. 31-3 at 3, 8. Thus, plaintiff's claims therefore accrued on that date, and plaintiff did not bring his claims against Scamahorn within the three year statute of limitations.

f. **Lori Wyckoff-Myers**

Plaintiff alleges that he spoke with Lori Wyckoff-Myers about his dental pain between July 24, 2013 and August 29, 2013, and that he notified her in person of his dental pain on

August 21, 2013. Dkt. 31-1 at 10, 12. He also claims that Wyckoff-Myers returned a kite to him on August 21, 2013. Dkt. 31-1 at 12. Plaintiff's claims therefore accrued in July and September 2013, and plaintiff did not bring his claims against Wyckoff-Myers within the three year statute of limitations.

### g. Wolfgang Radelfing

Plaintiff alleges that Wolfgang Radelfinger, a nurse, was deliberately indifferent to his dental issues when Radelfinger sent plaintiff a kite on August 21, 2013, telling plaintiff to sign up for dental sick call and when Radelfinger did not respond to plaintiff's medical emergency which he declared to a correctional officer on August 23, 2013. Dkt. 31-1 at 12, 13. Plaintiff also includes as an exhibit, a kite from August 14, 2013, which although the writing is unclear, appears to be signed "Nurse Wolfgang." Dkt. 31-3 at 7. Plaintiff had written contact with Radelfinger on August 14 and 21, 2013, and appears to have known that Radelfinger allegedly "ignored [Plaintiff's] medical emergency" on August 25, 2013, thus, plaintiff's claims accrued against Radelfinger in August 2013. Plaintiff did not bring his claims against Radelfinger within the statute of limitations.

### h. Lynnette Cross

Plaintiff alleges that on August 23, 2013, Lynnette Cross declined to sign plaintiff up for a dental sick call because he filed the wrong kite, which shows that Cross was indifferent to plaintiff's medical situation. Dkt. 31-1 at 12-13. Plaintiff also includes the kite he received from Cross as an exhibit. Dkt. 31-3 at 1. Plaintiff's claims therefore accrued on that date, and plaintiff did not bring his claims against Cross within the three year statute of limitations.

i. **Angela Branscum**

Plaintiff's claims against Angela Branscum are based on three factual allegations: (1) plaintiff declared a dental emergency to Branscum on August 16, 2013; (2) plaintiff spoke with Branscum on August 29, 2013, about his dental pain; and (3) Branscum sent kites to plaintiff on September 3, 2013, regarding Plaintiff's dental care. Dkt. 31-1 at 11-12, 13-14, 15. Plaintiff also attached the two kites he received from Branscum on September 3, 2013. Dkt. 31-3, at 9. Based on plaintiff's in-person and written contact with Branscum regarding his dental care, plaintiff knew of Branscum's involvement in his medical claims after the contact took place, at the latest on September 3, 2013. Plaintiff did not bring his claims against Branscum until well after three years from September 2013 had passed.

As discussed above, plaintiff's claims against Bovenkamp, Hammond, Forss, Currey, Scamahorn, Wyckoff-Myers, Radelfinger, Cross, and Branscum all accrued sometime between August and November 2013. Claims barred by the statute of limitations are futile. *Platt Elec. Supply, Inc. v. EOFF Elec., Inc.*, 522 F.3d 1049, 1060 (9th Cir. 2008). Although plaintiff contends he was waiting for discovery documents in order to identify the Jane/John Doe defendants, the exhibits attached to plaintiff's proposed amended complaint reflect that plaintiff knew or should have known of these claims between August and November 2013. Under the three-year statute of limitations, plaintiff's § 1983 claims against those defendants would have expired at the latest in November 2016. Plaintiff did not file his motion for leave to amend until March 26, 2017, beyond the three-year limit. *See* Dkt. 31. The discovery of documents which purportedly prove his claims does not change that plaintiff knew of the injury that forms the

basis of his proposed cause of action against Bovenkamp, Hammond, Forss, Currey, Scamahorn, Wyckoff-Myers, Radelfinger, Cross, and Branscum between August and November 2013.

Thus, plaintiff's claims against Bovenkamp, Hammond, Forss, Currey, Scamahorn, Wyckoff-Myers, Radelfinger, Cross, and Branscum are time barred, unless they relate back to the original complaint.

**2. Relation Back**

"Rule 15(c) of the Federal Rules of Civil Procedure governs when an amended pleading 'relates back' to the date of a timely filed original pleading and is thus itself timely even though it was filed outside an applicable statute of limitations." *Krupski v. Costa Crociere S.p.A.*, 560 U.S. 538, 541 (2010). Rule 15(c) imposes three requirements before an amended complaint against a newly named defendant can relate back to the original complaint:

> First, the claim against the newly named defendant must have arisen 'out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading.' Fed. Rules Civ. Proc. 15(c)(1)(B), (C). Second, 'within the period provided by Rule 4(m) for serving the summons and complaint' (which is ordinarily 120 days from when the complaint is filed, see Rule 4(m)[1], the newly named defendant must have "received such notice of the action that it will not be prejudiced in defending on the merits." Rule 15(c)(1)(C)(i). Finally, the plaintiff must show that, within the Rule 4(m) period, the newly named defendant 'knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.' Rule 15(c)(1)(C)(ii).

*Id.* at 545.

The third requirement has two elements – the plaintiff must establish that (1) he made a mistake of identity in failing to sue Bovenkamp, Hammond, Forss, Currey, Scamahorn, Wyckoff-Myers, Radelfinger, Cross, and Branscum when he sued the defendants Bassham, Robinson, Gantz and Rodkey and (2) that Bovenkamp, Hammond, Forss, Currey, Scamahorn, Wyckoff-Myers, Radelfinger, Cross, and Branscum knew or should have known, within 120

---

[1] Effective December 1, 2015, the time for service is 90 days.

days from when the complaint was filed, that plaintiff had made the mistake. *Kilkenny v. Arco Marine Inc.*, 800 F.2d 853, 856-58 (9th Cir. 1986).

As previously noted, plaintiff's claims against Bovenkamp, Hammond, Forss, Currey, Scamahorn, Wyckoff-Myers, Radelfinger, Cross, and Branscum all accrued sometime between August and November 2013. These claims form the basis of the Eighth Amendment claims for denial of dental care. Thus, the first requirement, that the claim arise out of the same conduct, transaction, or occurrence, is arguably met here because his claims against the original defendants are based on the allegedly inadequate dental treatment. However, the remaining requirements have not been met. Plaintiff's only explanation for why he did not name Bovenkamp, Hammond, Forss, Currey, Scamahorn, Wyckoff-Myers, Radelfinger, Cross, and Branscum earlier is that he just recently obtained discovery to support his claims. Dkt. 31. As noted, however, plaintiff's kites and grievances show he was aware of the claims against Bovenkamp, Hammond, Forss, Currey, Scamahorn, Wyckoff-Myers, Radelfinger, Cross, and Branscum between August and November 2013 and the exhibits include allegations similar to those he seeks to raise in an amended complaint over three years later.

Plaintiff presents nothing to suggest that his failure to name Bovenkamp, Hammond, Forss, Currey, Scamahorn, Wyckoff-Myers, Radelfinger, Cross, and Branscum in his original complaint was a mistake concerning his identity. Nor does plaintiff present anything to suggest that Bovenkamp, Hammond, Forss, Currey, Scamahorn, Wyckoff-Myers, Radelfinger, Cross, and Branscum knew or should have known that plaintiff made such a mistake. And although the Ninth Circuit has allowed amendments in cases where previously unknown defendants were identified after the statute of limitations had run, that is not the case here. *See Brink v. First Credit Res.*, 57 F. Supp. 2d 848, 856 (D. Ariz. 1999); *Blackhawk v. City of Chubbuck*, 2005 WL

3244406, at *3. Plaintiff's proposed amended complaint naming new defendants is based on conversations and written grievance responses that occurred in 2013, he has not shown that he lacked any ability to identify the new defendants at the time he filed his original complaint or that there was any mistake in identity.

**CONCLUSION**

Plaintiff's motion is granted in part and denied in part. Plaintiff's proposed amendment with respect to his claims against Bovenkamp, Hammond, Forss, Currey, Scamahorn, Wyckoff-Myers, Radelfinger, Cross, and Branscum is denied. Plaintiff's proposed amendment with respect to defendant Escapule is granted. Plaintiff must file his proposed amended complaint including only claims against defendants Escapule, Bassham, Robinson, Rodkey and Gantz within 15 days of the entry of this order. If plaintiff fails to file an amended complaint, this action will proceed on plaintiff's original complaint (Dkt. 5).

Dated this 10th day of May, 2017.

J. Richard Creatura
United States Magistrate Judge