# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

JOSHUA GRAHAM,

           Plaintiff,

v.

D. BASSHAM, et al.,

           Defendants.

CASE NO. 3:16-CV-05597-BHS-JRC

REPORT AND RECOMMENDATION

NOTED FOR: SEPTEMBER 15, 2017

This 42 U.S.C. § 1983 civil rights matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §§ 636 (b)(1)(A) and (B) and Local Magistrate Judge Rules MJR 1, MJR 3, and MJR 4. Before the Court is plaintiff's emergency motion and request for emergency injunctive relief. Dkt. 46. Defendants filed a response. Dkt. 47. Plaintiff has not filed a reply.

Plaintiff alleges that his right to prosecute his case is being violated because the Department of Corrections requires that he keep his legal documents in the law library. However, the Court finds that plaintiff is seeking relief that is outside the claims raised in the underlying actions. Accordingly, the Court recommends that the motion for emergency injunctive relief be denied.

## BACKGROUND

Plaintiff is a Washington state prisoner in the custody of the Department of Corrections ("DOC") and is currently housed in the Washington Corrections Center ("WCC"). *See* Dkt. 46. Plaintiff initially filed his 1983 action on July 7, 2016. Dkt. 1. He filed an amended complaint on May 25, 2017. Dkt. 37. He filed this motion for emergency injunctive relief on July 14, 2017. Dkt. 46. The State filed a response on July 28, 2017. Dkt. 47. Plaintiff did not file a reply.

## DISCUSSION

Under the Prison Litigation Reform Act ("PLRA"),

> The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of a Federal right, and is the least intrusive means necessary to correct the violation of the Federal right. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the relief.

18 U.S.C. § 3626(a)(1)(A).

The purpose of preliminary injunctive relief is to preserve the status quo or prevent irreparable injury pending the resolution of the underlying claim. *Sierra On-line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984).

In a preliminary injunction, it is appropriate to grant "intermediate relief of the same character as that which may be granted finally." *De Beers Consol. Mines v. U.S.*, 325 U.S. 212, 220 (1945); *Kaimowitz v. Orlando*, 122 F.3d 41, 43 (11th Cir. 1997). However, a court should not issue an injunction when the relief sought is not of the same character and the injunction deals with a matter lying wholly outside the issues in the underlying action. *Id*.

In his amended complaint, plaintiff alleges deliberate indifference, retaliatory actions, and denial of medical and dental care in violation of the Eighth Amendment. Dkt. 37. He also

1 alleges the tort violations of medical malpractice and negligence. *Id*. Defendants are dentists and

2 dental clerks allegedly employed by the DOC during the time of the alleged violations. *Id*.

3       In his motion for emergency injunctive relief, plaintiff alleges that he is being unlawfully

4 denied access to his legal documents. Dkt. 46. He states that when he was relocated from the

5 Clallam Bay Corrections Center to WCC, staff told him that "he could not pocess [sic] his legal

6 papers regardless of a deadline and could only view that at the law library on Mondays from 8:30

7 to 10:30 each week." *Id*. at 3. Although he followed the grievance process requesting greater

8 access to his documents, he states that he "still does not have access to his legal work which

9 contains every single shred of paper he owns pertaining to his litigation . . . ." *Id*. at 4. He moves

10 this Court "to direct Washington Correction [sic] Center to allow him access to his legal papers

11 and documentation so as to have the tools to properly attack his case." *Id*. However, plaintiff has

12 not set forth any evidence to establish a connection between this alleged conduct and the

13 defendants in this case.

14       Plaintiff asks for an order directing WCC to provide him additional access to his legal

15 documents. However, WCC is not a defendant in this case. *See* Dkt. 37. None of the named

16 defendants are employed by WCC. *Id*. Further, plaintiff's makes no claim for lack of access to

17 the courts in his amended complaint. *Id*. Rather, he pleads only violations of the Eighth

18 Amendment and the torts of negligence and malpractice. *Id*. The parties that plaintiff is asking

19 the court to enjoin are therefore not before the Court in the current action and the claims asserted

20 are unrelated to the claims alleged in the amended complaint. Because of this, the Court cannot

21 issue the injunctive relief requested. *See Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*,

22 810 F.3d 631, 633 (9th Cir. 2015) ("When a plaintiff seeks injunctive relief based on claims not

23 pled in the complaint, the court does not have the authority to issue an injunction."); *Zepeda v.*

24

*U.S. I.N.S.,* 753 F.2d 719, 727 (9th Cir. 1984) (absent a substantial relationship, a court may not enter an injunction against nonparties.).

**CONCLUSION**

Plaintiff's motion for preliminary injunction is not based upon the claims pled in the amended complaint. Accordingly, the Court recommends the motion be denied.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on September 15, 2017 as noted in the caption.

Dated this 23rd day of August, 2017.

J. Richard Creatura
United States Magistrate Judge